UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND HAMILTON (#900135020)                               CIVIL ACTION

VERSUS

THOMAS DAMICO, ET AL.                                       NO. 16-178-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 27, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND HAMILTON (#900135020)                          CIVIL ACTION

VERSUS

THOMAS DAMICO, ET AL.                                  NO. 16-178-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the East Baton Rouge Parish Prison ("EBRPP"), Scotlandville, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against attorneys Thomas Damico, Brent Stockstill, and Roberta Vath, his trial counsel in a criminal proceeding, complaining that his constitutional rights were violated through a conspiracy to provide him with ineffective assistance of counsel and deny him equal protection under the law. He prays for monetary damages.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if

the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

First, it is well established that neither appointed nor retained counsel acts under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v.Crim. Dist. Ct. No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law).

Nevertheless, in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983. Private persons, jointly engaged with state officials in the prohibited action, are acting under color of law for purposes of the statute. To act under color of law does not require that the accused be an officer of the State. It is enough that he is a

willful participant in joint activity with the State or its agents.  *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970) (quoting *United States v. Price,* 383 U.S. 787, 794).  To support such a conspiracy claim, the plaintiff "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights."  *Cinel v. Connick,* 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted).

  The plaintiff in the instant matter only alleges, without any detail, that his attorneys conspired with one another.  He does not allege any agreement between the defendants and a state actor to commit any illegal act.  His complaint is simply that his attorneys were ineffective.  The plaintiff's claims of ineffective assistance of counsel are simply not cognizable in a § 1983 action.  *Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996).  The plaintiff has therefore failed to state a viable claim under § 1983 against his attorneys, and his claims should be dismissed.

  Furthermore, the plaintiff's claim is also barred under *Heck v. Humphrey,* 512 U.S. 477 (1994) because the plaintiff seeks monetary relief for alleged ineffective assistance of counsel during state criminal proceedings.  In *Heck,* the Supreme Court ruled that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. *Id.* at 486–87

  Accordingly, the Court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the Complaint must be

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.  When success in a " § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004).

Here, a ruling granting monetary relief on plaintiff's claims against his former defense attorneys would necessarily implicate the validity of his conviction.  *See Shaw v. Harris,* 116 Fed. App'x 499, 499 (5th Cir. 2004) (claims of ineffectiveness of defense counsel necessarily imply the invalidity of the conviction); *Pearson v. United States,* No. 3:01–CV–1239–M, 2001 WL 1076123, at *3 (N.D. Tex. Sept. 10, 2001) (recommendation accepted by District Court) (holding that success on "allegations challenging his counsel's conduct ... would undermine the validity of his conviction").

The plaintiff must therefore demonstrate that his conviction or sentence has been reversed, invalidated, or expunged prior to bringing an action under § 1983.  He has not made this showing.  As such, *Heck* bars the plaintiff's § 1983 claims and they have no basis in law and should be dismissed as frivolous.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the

instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[1] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on April 27, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."